UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JoAnne Randazzio,

    Plaintiff,

    v.                                          Case No. 2:13–cv–689

Commissioner of Social Security,        Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Defendant objects to the Report and Recommendation ("R&R") that Magistrate Judge Abel issued in this social security case, ECF No. 18, which recommends remanding the case to the administrative law judge ("ALJ"). Obj., ECF No. 19. For the following reasons, the Court overrules Defendant's objections.

## I.    PROCEDURAL HISTORY

Plaintiff filed for disability insurance benefits and supplemental security income on October 27, 2009. Her application was denied initially and on reconsideration. After an administrative hearing, the ALJ issued a decision denying benefits, which decision the Appeals Council refused to review. Plaintiff appeals.

In her statement of specific errors, Plaintiff argued the residual functional capacity ("RFC") determined by the ALJ was not supported by substantial evidence because the ALJ gave great weight to Dr. Swearingen's opinion but

then offered a hypothetical question to the vocational expert that did not include Dr. Swearingen's narrative assessments. Additionally, Plaintiff asserted the ALJ misunderstood the standard of review applicable to the evaluation of medical sources who are not "acceptable medical sources." Specifically, she argued the ALJ gave little weight to certified nurse practitioner Debbie Marshall's opinion by applying an erroneous legal standard and ignoring SSR 06–3p.

The Commissioner argued there was substantial evidence to support the RFC determination, which, she contends, was consistent with Dr. Swearingen's opinion. Moreover, she argues the ALJ's evaluation of Ms. Marshall's opinion was correct.

Magistrate Judge Abel's R&R recommended sustaining Plaintiff's statement of specific errors and remanding to the ALJ because the ALJ improperly concluded that Ms. Marshall was not a medical source and incorrectly assumed he could not give her opinion great weight.

The Commissioner objects, arguing the ALJ evaluated Ms. Marshall's opinion in accordance with SSR 06-3p.

## II. STANDARD OF REVIEW

Magistrate Judge Abel issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the

R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

### III. ANALYSIS

The term "medical sources" includes both "acceptable medical sources" and "other health care providers who are not 'acceptable medical sources.'"[1] SSR 06-3p. Evidence from "acceptable medical sources" can be used to establish the existence of a medically determinable impairment, serve as medical opinions, and be considered treating sources. *Id.* Nurse practitioners, such as Ms. Marshall, however, do not qualify as acceptable medical sources. *See id.* Rather, nurse practitioners are other medical sources. *Id.*

Evidence from other medical sources may be used to "show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* Other medical sources and non-medical sources are classified together as "other sources."

The ALJ should consider the § 416.927(d) factors not only when evaluating evidence from "acceptable medical sources," but also when evaluating opinion evidence from "other sources." *Id.* The factors are:

- How long the source has known and how frequently the source has seen the individual;
- How consistent the opinion is with other evidence;
- The degree to which the source presents relevant evidence to support an opinion;
- How well the source explains the opinion;

---

[1] For lack of a better phrase, the Court will refer to the latter as "other medical sources."

- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
- Any other facts that tend to support or refute the opinion.

*Id.* Not every factor will apply in each case, and the evaluation of an other medical source's opinion will depend on the facts of each case.

The fact that an opinion is from an "acceptable medical source" may justify giving that opinion greater weight, but "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *Id.*

Finally

[a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from the 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.*

The ALJ's evaluation of Ms. Marshall's opinion contains at least three errors.

First, while the ALJ properly found that Ms. Marshall's opinion could not be given controlling weight or be considered a "medical opinion," he improperly concluded that a nurse practitioner is not a medical source. ALJ Dec. 12, Ex. 5A,

ECF No. 10. To the contrary, as a nurse practitioner, Ms. Marshall's opinion qualified as an other medical source opinion. SSR 06-3p.

Second, even though the ALJ incorrectly concluded Ms. Marshall's opinion does not qualify as a "medical source opinion," he correctly concluded that her opinion should be viewed in the same manner as "information from other sources" and should be considered to show how the impairment(s) affects the individual's ability to work.[2] ALJ Dec. 12, Ex. 5A, ECF No. 10. He then, however, incorrectly implied that the § 416.927 factors are inapplicable to the evaluation of such "other source" evidence. Instead, Ms. Marshall's other medical source opinion should have been evaluated according to the same § 416.927 factors applicable to medical opinions. SSR 06-3p.

Third, the ALJ appears not to have realized that he could have afforded Ms. Marshall's opinion great weight. Indeed, he could have assigned her opinion greater weight than the opinion of an acceptable medical source—even a treating source—if warranted by the circumstances, but his decision demonstrates a lack of understanding of that fact because after determining Ms. Marshall's opinion was to be treated as "other source" evidence, he conclusorily stated that it was "accordingly" entitled to little weight. ALJ Dec. 12, Ex. 5A, ECF No. 10. To the extent the ALJ assigned Ms. Marshall's opinion little weight solely because she is not an acceptable medical source, or to the extent the ALJ did not realize he had

---

[2] It should be used to show the severity of the impairment, and while the ALJ used the phrase "ability to work," the Ruling uses the phrase "ability to function." SSR 06-3p.

the authority to assign Ms. Marshall's opinion great weight, the decision is inconsistent with SSR 06-3p and must be remanded.

The Commissioner contends on objection to the R&R that the ALJ evaluated Ms. Marshall's opinion in accordance with SSR 06-3p and properly considered the § 416.927 factors. The Court is hard pressed to find the ALJ evaluated Ms. Marshall's opinion in accordance with SSR 06-3p where the ALJ specifically stated, in opposition to the guideline, that Ms. Marshall did not qualify as a medical source. The ALJ did find Ms. Marshall's opinion relied primarily on Plaintiff's subjective reports, but that finding was made "in addition" to the ALJ's suggestion that the opinion is entitled to little weight by virtue of the fact that it did not come from an acceptable medical source. It was not an independent basis for affording the opinion little weight and thus does not overcome the apparent errors.

Moreover, the Commissioner argues Ms. Marshall's opinion was entitled to little weight because she saw Plaintiff only briefly and because the opinion was inconsistent with other record evidence. First, the Court notes those are post-hoc rationalizations for the ALJ's decision; the ALJ did not offer those reasons as bases for giving Ms. Marshall's opinion little weight. Second, while the characteristics of the treatment and examining relationship and consistency with other record evidence are two of the factors the ALJ must consider in evaluating other source evidence, the ALJ's decision still made no mention of the other § 416.927 factors, whether they were relevant to this case, and if so, how they

affected his evaluation of Ms. Marshall's opinion. Accordingly, the Court finds remand is the most appropriate remedy to ensure the ALJ considers Ms. Marshall's opinion in light of SSR 06-3p, and the Magistrate Judge did not err in so concluding.

## IV. CONCLUSION

For the reasons stated above, the Commissioner's objections are **OVERRULED**. The Court **ADOPTS** the R&R and **REMANDS** this case to the ALJ. Given the Court's disposition of the case, it does not address Plaintiff's alternative argument that the hypothetical the ALJ posed to the vocational expert was inconsistent with the weight the ALJ gave Dr. Swearingen's opinion.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT